UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MARTIN T. SOLOMON,

        Plaintiff,         Case No. 2:10-cv-59

v.         Honorable R. Allan Edgar

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections, Marquette Branch Prison, Gerald Hofbauer and Patricia Caruso. The Court will serve the complaint against Defendants Unknown Tervo, M. Cody and L. Buckner.

**Discussion**

I. Factual allegations

Plaintiff currently is incarcerated at Marquette Branch Prison. In his *pro se* complaint, he sues the Michigan Department of Corrections (MDOC), the Marquette Branch Prison (MBP), MDOC Director Patricia Caruso, MBP Warden Gerald Hofbauer and MBP Correctional Officers Unknown Tervo, M. Cody and L. Buckner. (Compl. at 2, 5-7, docket #1.)

Plaintiff alleges that Defendant Tervo repeatedly sexually assaulted him including grabbing Plaintiff's penis to the point of causing Plaintiff physical pain while Tervo made sexually suggestive remarks, pressed against him and threatened him. Plaintiff submitted a grievance regarding the first incident and was interviewed by Defendant Buckner who minimized Tervo's actions, told Plaintiff to drop the complaint and sign-off on the grievance. After a second incident occurred, Plaintiff filed another grievance. Defendant Cody interviewed Plaintiff, dismissed Plaintiff's allegations, and told Plaintiff that he was just doing the interview because it was required by policy. Plaintiff appealed the denial of both his grievances and those appeals were denied by Defendant Hofbauer. Plaintiff also he wrote several letters to Defendant Caruso and she never responded.

In his first claim, Plaintiff alleges that Defendant Tervo sexually assaulted him in violation of the Eighth Amendment. In his second claim, Plaintiff alleges that Defendants Buckner, Cody, Hofbauer, the MDOC, the MBP and Caruso were deliberately indifferent to his health, safety and welfare in violation of the Eighth Amendment. Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss the Michigan Department of Corrections.

Plaintiff's claims against MBP are also barred by the Eleventh Amendment because it is an administrative unit of the MDOC. *Pugh*, 438 U.S. at 782. Furthermore, an express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social*

*Servs.*, 436 U.S. 658 (1978). Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). MBP is therefore not subject to a section 1983 action and will be dismissed.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Denial of Grievances

Plaintiff's only allegation against Defendant Hofbauer is that he improperly denied Plaintiff's grievance appeals. The Sixth Circuit held that where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act, the defendant cannot be liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The reason is that there must be active unconstitutional behavior. Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. *Id.* Also, in unpublished decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant improperly denied a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure." *See Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug.3, 1998); *see also Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar.28, 1994) (no constitutional right to a grievance procedure). The Sixth Circuit has only found that there is a constitutional right not to be retaliated against for having filed a nonfrivolous grievance. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000); *Shehee*, 199 F.3d at 301. However, Plaintiff does not allege retaliation. In light of the foregoing authority,

Plaintiff's allegation that Defendant Hofbauer improperly denied his grievance appeals fails to state a claim of constitutional dimension and he will be dismissed.

### B. Failure to Act

Plaintiff's only allegation against Defendant Caruso is that she failed to respond to "several request letters" sent by Plaintiff. (Compl. at 16.) Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Therefore, Plaintiff fails to state a claim against Defendant Caruso and she will be dismissed.

### C. Remaining Claims

The court will order service of Plaintiff's claims against Defendants Tervo, Cody and Buckner.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections, Marquette Branch Prison, Gerald Hofbauer and Patricia Caruso will be dismissed for immunity or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Unknown Tervo, M. Cody and L. Buckner.

An Order consistent with this Opinion will be entered.

Dated: 5/13/2010    /s/ R. Allan Edgar
                    R. Allan Edgar
                    United States District Judge