UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTIN SOLOMON, #301631,

       Plaintiff,                                Case No. 2:10-cv-59

v.                                                 Honorable R. Allan Edgar

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 31, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that defendants Joel Tervo, Matthew Cody, and Lewis Buckner ("Defendants")' motion for summary judgment [Doc. No. 20] be granted , and that Plaintiff Martin Solomon's case be dismissed in its entirety. [Doc. No. 35.] The R&R further recommended that Plaintiff's motion to show cause [Doc. No. 32] be denied as moot. Plaintiff filed an objection to the R&R on September 15, 2011. [Doc. No. 36.]

This Court is required to make a *de novo* determination of those specific portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). As an initial matter, the Court notes that Plaintiff's objection to the entire contents of Magistrate Judge Greeley's R&R is improper, as it fails to include the specific findings or recommendations to which Plaintiff is objecting. *See* 28 U.S.C. § 636(b)(1). The Court therefore is not required to and will not respond to this "general" objection.

Plaintiff objects to Magistrate Judge Greeley's finding that Plaintiff did not allege conduct by Defendant Tervo that rises to the level of an Eighth Amendment violation. Specifically, Plaintiff states that Defendant Tervo's alleged actions are more severe than the actions in the cases that Magistrate Judge Greeley cites in his analysis. [Doc. No. 36, pp. 3-4.] Plaintiff refers to Defendant Tervo's alleged actions of grabbing Plaintiff's penis and causing pain on two separate occasions while making degrading comments, and also allowing his erection to be pressed against Plaintiff's buttocks on one of the two occasions. *Id*.

As Magistrate Judge Greeley noted, "the sexual harassment or abuse of an inmate by a corrections officer can . . . , in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (internal citation omitted). In *Jackson v. Madery*, the Sixth Circuit found that a correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in a degrading manner was "isolated, brief, and not severe" and therefore failed to rise to the level of an Eighth Amendment violation. 158 Fed. Appx. 656, 661 (6th Cir. 2005). In reaching its conclusion, the Sixth Circuit in *Jackson* referenced a case, *Boddie v. Schneider*, in which the Second Circuit found that the following conduct was not sufficiently serious: "a female prison guard squeezed [a male prisoner's] hand, touched his penis, and made sexually suggestive comments, and on a separate occasion told him to take off his sweatshirt and twice pinned him to a door with her body." *Jackson* at 662, *quoting Boddie v. Schneider*, 105 F.3d 857, 859-60 (2nd Cir. 1997). The conduct alleged in this case was similarly "isolated, brief, and not severe[,]" and it therefore also fails to rise to the level of an Eighth Amendment violation. Furthermore, as Magistrate Judge Greeley noted, Plaintiff has

2

failed to assert that he was subjected to a physical injury, and thus his claims of mental and emotional injuries are precluded.  42 U.S.C. § 1997e(e); *Jackson v. Herrington*, 393 Fed. Appx. 348, 354 (6th Cir. 2010).  Plaintiff's objection is therefore without merit.

Plaintiff also objects to Magistrate Judge Greeley's finding that Plaintiff failed to exhaust his administrative remedies with respect to Defendants Buckner and Cody.  In his objection, Plaintiff alleges that Defendants Buckner and Cody threatened to subject him to punishment if he pursued a grievance against them, and thus the exhaustion requirement was excused. [Doc. No. 36, p. 4.]  Plaintiff's conclusory assertion that Defendants Buckner and Cody threatened him with some unspecified punishment fails to excuse his failure to exhaust.  The case that Plaintiff cites in support of his objection, *Woodford v. Ngo*, does not support his assertion.  548 U.S. 81 (2006).  Rather, the Supreme Court in *Woodford* found that proper exhaustion was required by the Prison Litigation Reform Act.  *Id.* at 93.  Given the well-established requirement that a prisoner exhaust his or her administrative remedies, the Court finds Plaintiff's objection to be without merit.

For the reasons stated above, it is ordered that Plaintiff's objections to the R&R [Doc. No. 36] are OVERRULED.  It is further ordered that Magistrate Judge Greeley's August 31, 2011 R&R [Doc. No. 35] is APPROVED and ADOPTED as the opinion of the Court.  Plaintiff's case shall be DISMISSED in its entirety.

A judgment consistent with this Order will be entered.


Dated:  9/27/2011            */s/ R. Allan Edgar*
                             R. Allan Edgar
                             United States District Judge

3